UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TREYSHAWN LEE JONES,     Plaintiff,

v.     Civil Action No. 3:18-cv-P651-DJH

LT. D. REESE et al.,     Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Treyshawn Lee Jones, *pro se*, filed this *in forma pauperis* civil-rights action pursuant to 42 U.S.C. § 1983. This case is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, this case will be dismissed in part and allowed to continue in part.

## I. STATEMENT OF CLAIMS

Plaintiff, a pretrial detainee at the Oldham County Jail, names as Defendants Lt. Davis Reese of the Louisville Metro Department of Corrections (LMDC) and the following Oldham County Jail employees: Lt. Nick Dickens, Major Jeff Tindall, Nurse Monica, and Nurse Stephanie. All Defendants are sued in their individual capacities.

Plaintiff states that on November 25, 2017, while housed at LMDC he chipped a tooth on piece of metal in his food. He states that he filed a health request to see a dentist and that he was given Ibuprofen for pain for several days during December 2017. He states that on April 7, 2018, the Correct Care dentist saw him and attempted to extract the tooth but was unsuccessful despite drilling, cutting, and pulling vigorously. The dentist informed LMDC that Plaintiff needed an offsite appointment. Plaintiff states that Defendant Reese told him that he had an

offsite dentist appointment. Plaintiff states that he was given Tylenol 3 for pain and "amox. for infection."

Plaintiff states that his follow up appointment occurred on April 12, 2018, "with the same healthcare just a different dentist," who also was unable to extract the tooth. He states that LMDC discontinued the Tylenol 3 and amoxicillin on June 29, 2018.

Plaintiff was then transferred to the Oldham County Jail where he informed them of the ongoing dental issue. He states that Defendant Monica told him that she would add him to the "dentist list." He states that he was told two more times in June that he was added to the dentist list. Plaintiff states that he filed a grievance on June 27, 2018, to which Defendant Dickens responded, "'I[] also know you've been added to dentist list." He states that on July 2, 2018, "medical told me IBU pain med is off canteen." He states that on August 21, 2018, he was "called in to see a dentist. Instead it was Nurses Heather and Stephanie." According to Plaintiff, after he informed them what was going on, Nurse Heather said she would let the dentist know and Nurse Stephanie stated it was unlikely that he had an offsite dentist appointment.

Plaintiff alleges that on August 22, 2018, Defendant Tindal responded to a grievance that Plaintiff had filed regarding his need to see a dentist, saying that there was not anything to grieve because medical was handling the situation per guidelines.

Plaintiff also states that on September 11, 2018, while a group of U.S. Marshal officers and Defendant Tindal were doing a "walk through," Plaintiff told them of his dental situation. He states that Defendant Tindal responded, "'I'll check into it.'"

Plaintiff next alleges that he was called to a dentist appointment on September 25, 2018, but really it was to see Defendants Heather and Stephanie to make sure he still wanted a dentist appointment. He alleges that as of September 26, 2018, he was still having complications eating

and sleeping, was in pain, and was swallowing blood. Plaintiff has since been released from the Oldham County Jail.

As relief, Plaintiff seeks monetary and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. When determining whether Plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### *Claims against Defendant Reese*

Plaintiff alleges with regard to Defendant Reese that he did not see a dentist while at LMDC after April 12, 2018, and that his medical records were not sent to the Oldham County Jail with him. Plaintiff fails to state a constitutional claim against Defendant Reese. He alleges that Defendant Reese told him he had an offsite appointment but does not explain how merely

telling him this amounts to deliberate indifference.  Although Plaintiff alleges that he did not see a dentist for the approximately two more months he remained at LMDC, he also states that during almost all of that time he was given pain medication and antibiotics.  His Tylenol 3 and amoxicillin were not discontinued until June 20, 2018.

The above-described actions on the part of Defendant Reese cannot be characterized as deliberate indifference.  Prison officials are liable only if they know of and disregard "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Mere negligence does not constitute deliberate indifference.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Further, a prisoner does not state a claim merely by pleading that he disagrees with the diagnosis or treatment.  *Id*. at 107-08; *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).  The Court, thus, finds that Plaintiff fails to state a claim against Defendant Reese.

### *Claims against Defendants Dickens and Tindal*

Plaintiff's allegations against these Defendants have to do with their responses to grievances or informal complaints made by Plaintiff.  Plaintiff alleges that Defendant Dickens violated his constitutional rights when he responded to Plaintiff's grievance by stating that he knew he had been added to the dental list.  Plaintiff's allegations against Defendant Tindal are that he violated the Constitution in responding to Plaintiff's grievance that Plaintiff had "nothing grievable" and that when Plaintiff told him of his complaint while Defendant Tindal was touring the jail with the U.S. Marshal officers he responded that he would look into it.

Plaintiff's claims are against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances or respond to informal complaints.  *See, e.g.*, *Grinter v.*

*Knight*, 532 F.3d 532, 576 (6th Cir. 2008) ("The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983.") (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation."); *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003) ("The mere denial of a prisoner's grievance states no claim of constitutional dimension."). Therefore, Plaintiff fails to state a claim against Defendants Dickens and Tindal based on their responses to his grievances and informal complaint.

### *Claims against Defendants Monica and Stephanie*

The Court will allow Plaintiff's claims against Defendants Monica and Stephanie related to not scheduling a dentist appointment to go forward.

### III. <u>CONCLUSION AND ORDER</u>

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claims against Defendants Reese, Dickens, and Tindal are **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk of Court is **DIRECTED** to terminate Defendants Reese, Dickens, and Tindal as parties to this action.

**IT IS FURTHER ORDERED** as follows:

(1) The Clerk of Court shall issue summonses and the United States Marshal shall serve a copy of the complaint (DN 1), summonses, and this Order on Defendants Monica and Stephanie in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(c)(3).

(2) The parties shall serve upon each party, or counsel, a copy of each document filed in this action as required by the Federal Rules of Civil Procedure.

(3) Plaintiff must provide written notice of a change of address to the Clerk and to Defendants' counsel. *See* Local Rule 5.2(e).

(4) Plaintiff's failure to notify the Clerk of any address change or failure to comply with this or any subsequent Order of the Court **may result in a dismissal of this case**.

(5) Pursuant to 28 U.S.C. § 636(b)(1)(A), this matter is **REFERRED** to **Magistrate Judge Colin H. Lindsay** for resolution of all litigation planning issues, entry of scheduling orders, consideration of amendments thereto, and resolution of all nondispositive matters, including discovery issues. Judge Lindsay is further authorized to conduct one or more settlement conferences in this matter.

(6) The Clerk of Court is **DIRECTED** to mail Plaintiff a copy of the *Pro Se* **Handbook for Non-Prisoners**.

Date: April 10, 2019

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    MJ Lindsay
4415.009