UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TREYSHAWN LEE JONES,                                                                     Plaintiff,

v.                                                      Civil Action No. 3:18-cv-P651-DJH

LT. D. REESE et al.,                                                      Defendants.

\* \* \* \* \*

## **MEMORANDUM AND ORDER**

Plaintiff Treyshawn Lee Jones, *pro se*, filed this civil-rights action.

Before the Court is the motion to dismiss this case for lack of prosecution (Docket No. 26) filed by Defendants. Defendants point to Plaintiff's failure to attend scheduling conferences on October 2, 2019, or on February 4, 2020, or otherwise inform the Court why he failed to appear; failure to notify the Court and counsel of a change of address; and failure to file a status report as ordered. In fact, a review of the docket shows that Plaintiff has not filed anything in this case since January 2019.

Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

> When contemplating dismissal under Rule 41(b), a court must consider: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998).

Although it is not clear whether Plaintiff's actions are due to willfulness or bad faith, Plaintiff has not prosecuted this case in over a year. During that time, Defendants have expended

effort to defend their case.  Further, Plaintiff was warned on several occasions that a failure to comply with orders of this Court might result in dismissal of the case (DNs 12, 19, 21, and 27).

After consideration of the factors listed above, the Court finds that this case should be dismissed with prejudice.  Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss (DN 26) is **GRANTED**.

The Court will by separate Order dismiss the instant action.

Date:


cc: Plaintiff, *pro se*
   Counsel of record
4415.009